IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

ERIC ANDREW FALSTAD,

                        Plaintiff,

    v.                                                              OPINION and ORDER

JACKSON CORR. INST., DEP'T OF CORR., CO                     25-cv-621-jdp
ASHLEY RIOJAS, and CO ANDREW HUBER,

                        Defendants.

---

Plaintiff Eric Andrew Falstad, proceeding without counsel, alleges that defendants denied him medication for his mental health problems, causing him to pass out and be hospitalized. Falstad brings an Eighth Amendment medical care claim. Falstad has been released from prison, but he was incarcerated at Jackson Correctional Institution (JCI) when the events at issue occurred.

Falstad proceeds without prepaying the filing fee, so I must screen the complaint under 28 U.S.C. § 1915(e)(2)(B) and dismiss any part of it that is frivolous or malicious, fails to state a plausible claim for relief, or seeks money damages from an immune defendant. I must accept Falstad's allegations as true and construe them generously, holding the complaint to a less stringent standard than one a lawyer drafts. *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011). I will dismiss the complaint for failure to state a plausible claim for relief, but I will allow Falstad to amend the complaint to fix this problem.

ALLEGATIONS OF FACT

Falstad has serious psychological disorders and takes ziprasidone for those conditions. In mid-July, 2025, health services unit (HSU) staff misplaced his ziprasidone. HSU staff gave

Falstad a different medication as a substitute. Two to three days later, Falstad was found unconscious in his cell and transported to the emergency room. HSU staff later found Falstad's misplaced ziprasidone in a drawer.

JCI has a history of losing prisoners' medications. Several lawsuits have been brought against it for that reason, and those lawsuits have settled.

ANALYSIS

The Eighth Amendment prohibits prison officials from consciously disregarding the serious medical needs of prisoners. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). To state a medical care claim, Falstad must plausibly allege that he had an objectively serious medical condition that defendants consciously disregarded. *See Cesal v. Moats*, 851 F.3d 714, 721 (7th Cir. 2017).

Falstad alleges that he has been prescribed ziprasidone and that, when he took another medication as a substitute, he passed out and required hospitalization. Falstad has plausibly alleged that he had a serious medical need for ziprasidone.

The issue is whether Falstad has plausibly alleged that defendants consciously disregarded his need for ziprasidone. Conscious disregard requires that defendants are subjectively aware of that need. *See id.* That means that defendants knew of facts from which the inference could be drawn that a substantial risk of serious harm existed, and they actually drew that inference. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). Conscious disregard involves intentional or reckless conduct, not mere negligence. *Berry v. Peterman*, 604 F.3d 435, 440 (7th Cir. 2010).

I begin with the individual defendants, Officer Riojas and Officer Huber. Individual liability under 42 U.S.C. § 1983 requires personal involvement in the alleged denial of medical care. *See Colbert v. City of Chicago*, 851 F.3d 649, 657 (7th Cir. 2017). As a general rule, a plaintiff cannot proceed on a § 1983 claim against defendants that he does not discuss in the body of the complaint. *See Stewart v. Rice*, No. 12-cv-339-bbc, 2012 WL 2328227, at *2 (W.D. Wis. June 19, 2012). I will not allow Falstad to proceed against Riojas and Huber because he doesn't explain how they denied him ziprasidone.

Falstad discusses HSU staff in the complaint. But I will not allow him to proceed against these individuals for two reasons. First, Falstad has not specifically identified the HSU staff members or listed them as defendants in the complaint's caption. *See Colbert*, 851 F.3d at 657; *Myles v. United States*, 416 F.3d 551, 551 (7th Cir. 2005).

Second, Falstad hasn't plausibly alleged that the HSU staff members consciously disregarded his need for ziprasidone. Misplacing a prisoner's medication is not the type of intentional or highly reckless conduct that the Eighth Amendment prohibits. Falstad received a medication as a substitute, which shows that his need for medication was not disregarded altogether. The allegation that other prisoners' medications had previously been misplaced, leading to lawsuits that ultimately settled, does not show that any HSU staff member consciously disregarded his need for ziprasidone. The Eighth Amendment standard is individualized and looks at the actions and information possessed by the particular defendant.

I turn to the institutional defendants, JCI and the Department of Corrections. I will not allow Falstad to proceed against these entities because they are improper defendants in a § 1983 action. *See Arizonans for Off. Eng. v. Arizona*, 520 U.S. 43, 69 (1997); *Thomas v. Illinois*, 697 F.3d 612, 613 (7th Cir. 2012).

CONCLUSION

As pleaded, the complaint suggests at most negligence, so Falstad's Eighth Amendment claim appears to be futile. But I will give him one opportunity to amend the complaint to fix the problems identified in this order. In drafting his amended complaint, Falstad should remember to:

- Carefully consider whether he is naming proper defendants and omit defendants who did not personally participate in or cause a violation of his Eighth Amendment rights. Falstad must take care to allege what each defendant did, or failed to do, to violate his rights.

- Avoid referring to several defendants together. For instance, if more than one defendant has taken a particular action that Falstad believes supports a claim, he should identify each defendant who took that action.

- Identify by full name all the individuals whom he wishes to sue in the amended complaint's caption.

- Avoid asking the court to consider documents attached to the amended complaint or already in the record when evaluating his claims. Falstad must include the allegations supporting his claims in the amended complaint's body.

ORDER

IT IS ORDERED that:

1. Plaintiff Eric Andrew Falstad's complaint, Dkt. 1, is DISMISSED for failure to state a plausible claim for relief.

2. Plaintiff may have until March 16, 2026, to submit an amended complaint that fixes the problems identified in this order.

3. Plaintiff was incarcerated when he brought this case, so he must file his amended complaint on the court's prisoner complaint form, which the court will send him with this order. Plaintiff must fill out the form completely. If plaintiff requires any additional space to allege his claims, he may submit no more than five supplemental pages. Any text on the form or a supplemental page must be large enough and have enough spacing between lines and in the margins for the court to read it easily.

4. If plaintiff fails to comply with this order, I may dismiss this case.

5. Plaintiff must inform the court of any new address. If he fails to do this and defendant or the court cannot locate him, this case may be dismissed.

6. The clerk of court is directed to send plaintiff a copy of the court's prisoner complaint form.

Entered February 12, 2026.

BY THE COURT:

/s/
_____
JAMES D. PETERSON
District Judge