IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

ERIC ANDREW FALSTAD,

               Plaintiff,

   v.                                                                    OPINION and ORDER

JACKSON CORR. INST., DEP'T OF CORR., CO                    25-cv-621-jdp
ASHLEY RIOJAS, and CO ANDREW HUBER,

               Defendants.

---

Plaintiff Eric Andrew Falstad, proceeding without counsel, alleges that defendants denied him medication for his mental health problems, causing him to pass out and be hospitalized. Falstad brings an Eighth Amendment medical care claim. Falstad has been released from prison, but he was incarcerated at Jackson Correctional Institution when the events occurred, and at Oshkosh Correctional Institutional when he brought this action.

I dismissed Falstad's complaint for failure to state a plausible claim for relief. Dkt. 14. I gave Falstad until March 16, 2026, to submit an amended complaint that fixed that problem, and I warned him that the failure to complete that task could result in dismissal. Because Falstad was not incarcerated when I sent him that mail, the court had to receive the amended complaint by March 16 for it to be timely. *See Raymond v. Ameritech Corp.*, 442 F.3d 600, 604 (7th Cir. 2006).

Falstad hasn't filed an amended complaint. Nor has he sought an extension of time to complete that task or explained his failure to comply with my order. I will dismiss the complaint for failure to state a plausible claim for relief for the reasons in my order. *See Paul v. Marberry*, 658 F.3d 702, 705 (7th Cir. 2011) ("[W]hen . . . the plaintiff is told to amend his . . . complaint and fails to do so, the proper ground of dismissal is not want of prosecution but failure to state

a claim . . . .". And because Falstad was incarcerated when he brought this action, I will assess a strike against him under 28 U.S.C. § 1915(g).

## ORDER

IT IS ORDERED that:

1. Plaintiff Eric Andrew Falstad's complaint, Dkt. 1, is DISMISSED with prejudice for failure to state a plausible claim for relief.

2. A strike is to be recorded against plaintiff under 28 U.S.C. § 1915(g).

3. The clerk of court is directed to enter judgment and close the case.

Entered March 27, 2026.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge

2